UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                           Case No. 1:18-cv-1077

LETAVIS ENTERPRISES, INC., et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>. (ECF No. 26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**, Plaintiff's claims against Defendant Jane Doe Samantha be **dismissed for failure to timely effect service**, and this matter **terminated**.

**BACKGROUND**

Plaintiff initiated this action on September 17, 2018, against Letavis Enterprises, Inc., TJ Hengstebeck, Matt Ganser, John Doe, and Jane Doe. (ECF No. 1). On October 23, 2018, Plaintiff amended his complaint. (ECF No. 15). Plaintiff amended his complaint yet again on February 27, 2019, dropping his claims against John Doe and Jane Doe and asserting claims against Defendants Letavis, Hengstebeck, Ganser, and Jane Doe Samantha. (ECF No. 21). In his Second Amended Complaint, Plaintiff asserts the following.

On July 23, 2018, Plaintiff began working for Fast Eddie's Car Wash and Oil Change, a business owned and/or operated by Defendant Letavis. Defendants Hengstebeck, Ganser, and Doe

- 1 -

were also employed at Fast Eddie's. Defendants Hengstebeck and Doe failed to properly train Plaintiff to perform his job duties. Defendant Hengstebeck also allowed other employees to "steal customers" from Plaintiff. On or about August 12, 2018, Plaintiff's employment with Fast Eddie's was terminated. On or about August 21, 2018, Plaintiff spoke with Defendant Ganser to challenge his termination. Defendant Ganser informed Plaintiff that he supported the decision by Defendant Hengstebeck to terminate his employment. Plaintiff alleges that Defendants unlawfully retaliated against him in violation of his First Amendment rights and also violated his rights under the Americans with Disabilities Act (ADA). Defendants Letavis, Hengstebeck, and Ganser now move to dismiss Plaintiff's complaint on the ground that his allegations fail to state a claim on which relief may be granted. The Court also notes that because Plaintiff was permitted to proceed as a pauper, (ECF No. 5), the Court must dismiss any of Plaintiff's allegations which fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

**I.        Retaliation**

Plaintiff alleges that Defendants unlawfully retaliated against him in violation of his First Amendment rights. Private actors, however, cannot be held liable for any alleged infringement of Plaintiff's First Amendment rights. *See, e.g., Wilkerson v. Warner*, 545 Fed. Appx. 413, 424 (6th Cir., Oct. 31, 2013) ('[b]ecause Lloyd was a private actor, he cannot be held liable for any alleged infringement of Wilkerson's First Amendment rights"). Plaintiff has not alleged that Defendants are state actors or otherwise can be held liable for his alleged First Amendment injuries. Moreover, there

are no allegations in Plaintiff's Second Amended Complaint from which an inference of state action by Defendants can plausibly be drawn. Accordingly, the undersigned recommends that Plaintiff's retaliation claims be dismissed.

**II.        Americans with Disabilities Act (ADA)**

Plaintiff alleges that he suffers from emotional and cognitive disabilities and that Defendants terminated his employment in violation of the ADA. One element of a successful ADA claim is that the employer knew of the employee's disability. *See Tennial v. United Parcel Service, Inc.*, 840 F.3d 292, 306 (6th Cir. 2016). Despite being permitted to amend his complaint on two occasions, Plaintiff has failed to allege that Defendants knew of or had reason to know of his disability. This is fatal to Plaintiff's ADA claim.

Plaintiff attempts to avoid this result by submitting an affidavit in which he alleges that during the interview process he informed Defendant Hengstebeck that he suffered from "physical and mental disabilities." (ECF No. 28 at PageID.452). However, Plaintiff cannot defeat a motion to dismiss for failure to state a claim by submitting an affidavit which purports to supply the missing element of a claim for relief. *See, e.g, United States v. Midwest Generation, LLC*, 781 F.Supp.2d 677, 693 (N.D. Ill. 2011) (a plaintiff may oppose a motion to dismiss with additional facts asserted by affidavit only if such facts are consistent with the allegations in the complaint); *Michael c. CitiMortgage, Inc.*, 2017 WL 1208487 at *3 (N.D. Ill., Apr. 3, 2017) (an affidavit submitted in response to a motion to dismiss is insufficient where such attempts to supply "key facts" regarding a matter which was "completely excluded from the Complaint"). Accordingly, the undersigned recommends that Plaintiff's retaliation claims be dismissed.

**III.     Jane Doe Samantha**

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

Plaintiff named Jane Doe Samantha as a defendant in his Second Amended Complaint submitted on February 27, 2019. More than five months have since passed and Plaintiff has neither effected service on this defendant nor requested an extension of time to accomplish such. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Defendant Jane Doe Samantha be dismissed without prejudice for failure to timely effect service.

**CONCLUSION**

For the reasons discussed herein, the undersigned recommends that: (1) Defendants' Motion to Dismiss, (ECF No. 26), be **granted** and Plaintiff's claims against Defendants Letavis Enterprises, Inc., TJ Hengstebeck, and Matt Ganser be dismissed for failure to state a claim; (2) Plaintiff's claims against Defendant Jane Doe Samantha be **dismissed for failure to timely effect service**; and (3) this matter be **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 14, 2019        /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge